**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CRAWFORD MOORE, | |
| *Plaintiff,* | |
| | Case No. _____ |
| v. | |
| LAKE COUNTY, ILLINOIS, *a municipal corporation,* LAKE COUNTY SHERIFF'S DEPT. *a municipal subdivision,* | COMPLAINT |
| SHERIFF JOHN IDLEBURG, *in his official and individual capacity,* UNKNOWN MEDICAL STAFF, *in their official and individual capacity,* UNKNOWN CORRECTIONAL OFFICERS, *in their official and individual capacity.* | JURY DEMANDED |
| *Defendants.* | |

**<u>COMPLAINT AT LAW</u>**

Crawford Moore, through his attorney, Jed Stone, brings this Complaint at Law for injuries sustained in the Lake County Jail, perpetrated by Unknown Correctional Officers. In support thereof, Crawford Moore states as follows:

**<u>Parties</u>**

1. Crawford Moore is a natural born citizen, who at all times relevant resided in Lake County, Illinois, located in the Northern District of Illinois.

2. Lake County is a municipal corporation and unit of state government, located in the Northern District of Illinois.

1

3. Defendant Sheriff John Idleburg, at all times relevant, was employed by Lake County and the Lake County Sheriff's Department, and/or resides in Lake County, Illinois, located in the Northern District of Illinois.

4. Defendants Unknown Corrections Officers at all times relevant, were corrections officers with the Lake County Sheriff's Department and employed by the Lake County Sheriff's Department located in Lake County, Illinois, and/or reside in Lake County, Illinois, located in the Northern District of Illinois.

## Jurisdiction and Venue

5. Because the events underlying this cause of action occurred in the Northern District of Illinois, while each of the defendants in this cause either worked and/or resided in the Northern District of Illinois, this Court has personal jurisdiction over the Defendants.

6. The acts underlying this cause of action are being brought under 42 U.S.C. §§'s 1983 and 1988. As such, this Court has subject matter jurisdiction under 28 U.S.C. § 1331.

7. The state tort claims in this cause of action arise from the same nucleus of facts giving rise to the claims under 42 U.S.C. §§'s 1983 and 1988. As such, this Court has supplemental jurisdiction over the state tort claims under 28 U.S.C. § 1367(a).

8. Venue is proper under 28 U.S.C. § 1391(b)(2) because all events giving rise to this cause of action occurred in Lake County, Illinois, located in Eastern Division of the Northern District of Illinois.

## Factual Allegations

9.  Crawford Moore was detained in the Lake County Jail on July 7, 2024.

10. Crawford Moore suffers from high blood pressure, among other health complications.

11. On July 10, 2024, upon information and belief, Mr. Moore was suffering from his high blood pressure, but was mistakenly treated for alcohol withdrawal, as opposed to his high blood pressure.

12. Mr. Moore, in attempting to seek medical care for chest pains, signaled to corrections staff that he was in distress.

13. In response to Mr. Moore's distress signals, he was aggressively confronted by officers.

14. When confronted by unknown corrections officers[1], he was forcefully and violently removed, restrained, and body slammed.

15. According to a ticket drafted by an unknown corrections officer, a " controlled take down" was performed and Mr. Moore was placed "on to his stomach." Mr. Moore's struck his head and/or neck in the process of this controlled takedown.

16. Upon information and belief, Mr. Moore's neck struck his bed in the course of this "controlled take down" and then officers placed their knees on his back near or on his neck.

---

[1] Plaintiff anticipates filing at least one amended complaint replacing collective Unknown Defendants with named defendants.

17. Mr. Moore was then placed in handcuffs and other restraints, and observed by medical staff. The Lake County Jail medical staff "cleared" Mr. Moore.

18. At some point after Mr. Moore's medical observation by jail staff, he was unable to move and was paralyzed on the floor. Again, Mr. Moore signaled duress, and sought additional medical attention.

19. Mr. Moore was transported *via* ambulance to Vista Hospital in Waukegan, Illinois. After an initial observation at Vista, Mr. Moore was transported to the trauma center at Lutheran General Hospital in Park Ridge, Illinois.

20. At Lutheran General, Mr. Moore was given a CT Scan.

21. The CT Scan revealed Mr. Moore suffered from a broken C-5 and C-7, and fractured C-3, C-4, and C-6.

### Injuries Sustained

22. As a result of the forceful and violent interaction with Lake County Staff. Mr. Moore suffered numerous breaks in his cervical spinal column. Mr. Moore suffered continued pain and suffering both physically and emotionally. Mr. Moore continues to suffer from pain, and continues to be treated for the injuries sustained.

### Causes of Action

### Count I
### Violation of Fourth and Fourteenth Amendment Rights (Excessive Force)
### Under 42 U.S.C. § 1983
### (Moore v. Unknown Correctional Officers)

23. Crawford Moore realleges and incorporates ¶¶'s 1-22 by reference.

24. Defendants Unknown Correctional Officers intentionally used force against Crawford Moore.

4

25. The level of force used by Defendants Unknown Correctional Officers was excessive and unreasonable.

26. The application of excessive and unreasonable force was done by Sheriff's Correctional Deputies and/or Officers, acting jointly and severally, while acting under the color of law, and was done while they were in uniform, on the clock, and at their place of employment for Lake County and the Sheriff's Department.

27. As a result of the unreasonable and excessive force by Defendants Unknown Correctional Officers Mr. Moore suffered numerous breaks and fractures to his cervical spinal column.

WHEREFORE, Crawford Moore, prays for a judgment in excess of $75,000.00 plus attorney's fees and costs. Mr. Moore further prays this Court enter any judgment it finds just and equitable.

### Count II
### Violation of Eight and Fourteenth Amendment (Substantive Due Process for Failure to Diagnose and Treat Medical Condition) Under 42 U.S.C. § 1983)
**(Moore v. Unknown Correctional Officers and Medical Staff)**

28. Crawford Moore realleges and incorporates ¶¶'s 1-22 by reference.

29. Defendants Unknown Correctional Officers and Unknown Medical Staff, while acting under the color of law, as employees of the Lake County Jail and/or Sheriff's Department, failed to treat and attend to Mr. Moore's medical concerns and distress. Defendants, likewise, claimed Mr. Moore was free of any medical conditions despite his attempts to express his chest pain to officers before they used force and violence to restrain him.

5

30. Despite Defendant's claim that Mr. Moore was free of medical issues after he was injured at the hands of Unknown Correctional Officers, he was suffering from a broken cervical spinal column.

31. Mr. Moore suffered additional pain and injury by the failure to promptly diagnose and treat his broken cervical column.

WHEREFORE, Crawford Moore, prays for a judgment in excess of $75,000.00 plus attorney's fees and costs. Mr. Moore further prays this Court enter any judgment it finds just and equitable.

### Count III
### Violation of Fourteenth Amendment for Reckless Indifference Under 42 U.S.C. § 1983
### (Moore v. Unknown Correctional Officers)

32. Crawford Moore realleges and incorporates ¶¶'s 1-31 by reference.

33. Defendants Unknown Correctional Officers knew or must have known of the risk involved with applying excessive force to someone experiencing medical distress. Defendants also knew or must have known about the dangers of applying force in close quarters of cramped or small areas of the jail.

34. Defendants, acting under the color of law, jointly and severally, disregarded those risks.

35. As a result of the Defendant's disregard, Mr. Moore suffered a broken cervical spinal column.

WHEREFORE, Crawford Moore, prays for a judgment in excess of $75,000.00 plus attorney's fees and costs. Mr. Moore further prays this Court enter any judgment it finds just and equitable.

## Count IV
## State Tort Claim for Battery
### (Moore v. Unknown Correctional Officers)

36. Crawford Moore realleges and incorporates ¶¶'s 1-22 by reference.

37. Defendant's Unknown Correctional Officers, while acting jointly and severally, and in uniform, on the clock, and at their place of employment, intended to cause contact with Mr. Moore.

38. The contact by the Defendants was harmful and led to substantial injury.

39. As a result of the intended contact with Mr. Moore, he suffered a broken cervical spinal column.

WHEREFORE, Crawford Moore, prays for a judgment in excess of $75,000.00 plus attorney's fees and costs. Mr. Moore further prays this Court enter any judgment it finds just and equitable.

## Count V
## State Tort Claim for Negligence
### (Moore v. Unknown Correctional Officers)

40. Crawford Moore realleges and incorporates ¶¶'s 1-39, by reference.

41. Defendants Unknown Correctional Officers owed Mr. Moore a duty of reasonable care, at the very least. Alternatively, the Defendants owed Mr. Moore a heightened duty of trained professionals in the course of performing their "controlled take down."

42. Defendants, jointly and severally, breached that duty when they attempted to do a "controlled take down" of Mr. Moore that caused him to hit his head and/or neck on his bed and then placed their knees on his back and/or neck area. This

breach occurred while Defendants were in uniform, on the clock, and at their place of employment.

43. But for this "controlled take down" by Defendants, Mr. Moore would not have hit his head and suffered from a broken cervical spinal column.

44. The injury Mr. Moore suffered was a foreseeable result of Defendants forceful and violent take down of Mr. Moore.

45. Mr. Moore suffered a broken cervical spinal column as a result of Defendant's acts.

WHEREFORE, Crawford Moore, prays for a judgment in excess of $75,000.00 plus attorney's fees and costs. Mr. Moore further prays this Court enter any judgment it finds just and equitable.

### Count VI
### *Monell* Claim
**(Moore v. Lake County, Lake County Sheriff's Dept., Sheriff John Idleburg)**

46. Crawford Moore realleges and incorporates ¶¶'s 1-45 by reference.

47. Defendants collectively knew their training program was inadequate and would lead to injury.

48. Defendants collectively failed to supervise to application of their training of forceful "controlled take downs" and the forceful restraining of medically distressed inmates.

49. Upon information and belief, Defendants knew it was likely injury would be the result of their training and failing to supervise the application of force from their training.

8

50. Defendants failure to properly train and properly supervise the application use of force (*via* training), caused Mr. Moore to suffer a broken cervical spinal column.

WHEREFORE, Crawford Moore, prays for a judgment in excess of $75,000.00 plus attorney's fees and costs. Mr. Moore further prays this Court enter any judgment it finds just and equitable.

### Indemnification Claim

51. In the event that any individual Defendant is found liable for their actions performed in the course of their employment, Lake County, must indemnify such employee for this verdict pursuant to 745 ILCS 10/2-302.

WHEREFORE, Mr. Moore, individually demands that Lake County, pay for any compensatory judgment against individual defendants who acted in the course of their employment.

### JURY DEMAND

Jury trial demanded.

Respectfully Submitted,

/s/ Jed Stone_____
Attorney for Crawford Moore

Stone & Associates, Ltd.
325 Washington St., Suite 400
Waukegan, IL 60085
847-336-7888
jstone@jedstone.com
ARDC No. 2745127

9